UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLEN DUANE TARVIN,

    Petitioner,

v.                                        Case No. 8:19-cv-696-KKM-CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____

## ORDER

Allen Duane Tarvin, a Florida prisoner, timely[1] filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his state court convictions based on the state trial court's alleged error in denying his motion to suppress evidence obtained in violation of his Fourth Amendment rights. (Doc. 1.) Having considered the petition (*id.*), the memorandum in support (Doc. 2), the response in opposition (Doc. 16), and Tarvin's

---

[1] A state prisoner has one year from the date his judgment becomes final to file a § 2254 petition. *See* § 2244(d)(1). After affirming Tarvin's convictions and sentences, the state appellate court denied his motion for rehearing on May 18, 2018. Therefore, Tarvin's judgment became final on August 16, 2018, when the 90-day period to file a petition for writ of certiorari in the Supreme Court of the United States expired. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Tarvin filed this § 2254 petition on March 14, 2019, less than one year later. Accordingly, the petition is timely.

reply (Doc. 18), the Court dismisses the petition. Furthermore, a certificate of appealability is not warranted.

## I. BACKGROUND

The State of Florida charged Tarvin with one count of trafficking in methamphetamine and one count of trafficking in heroin. (Doc. 17-1, Ex. 1, appellate record pp. 17-19, 78-80.) The state trial court denied Tarvin's motion to suppress evidence. (*Id.*, appellate record pp. 37-41, 72.) Tarvin pleaded nolo contedere and the court sentenced him to concurrent terms of 15 years in prison. (*Id.*, appellate record pp. 82-85, 87-90.) The state appellate court per curiam affirmed Tarvin's convictions and sentences. (Doc. 17-1, Ex. 5.)

## II. STANDARD OF REVIEW UNDER SECTION 2254

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief under the AEDPA can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication resulted in a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1), (2). The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

## III. ANALYSIS

Tarvin's grounds for relief all challenge the state trial court's denial of his motion to suppress, which alleged violations of his Fourth Amendment rights. The State relied on evidence obtained following the stop of a vehicle in which Tarvin was a passenger and subsequent search of Tarvin's person and a hotel room, as well as incriminating statements made by Tarvin. (Doc. 17-1, Ex. 2, pp. 9-14.) In Ground One, Tarvin claims that the vehicle stop was based on an anonymous tip of an "untested, unreliable confidential informant." (Doc. 1, p. 5.) In Ground Two, Tarvin asserts that the stop was invalid because the tip lacked detail and the police did not verify the information before conducting the stop. In Ground Three, Tarvin claims that the tip was stale and that police failed to establish temporal proximity between the tip and the vehicle stop. In Ground Four, Tarvin contends that the consent to search the hotel room was not voluntary "due to the taint of the unlawful seizure" and that the search exceeded the scope of consent. (*Id.*, p. 10.)

The Supreme Court has limited a federal habeas court's review of claims arising under the Fourth Amendment. *Stone v. Powell*, 428 U.S. 465 (1976). *Stone* addressed "whether a federal court should consider, in ruling on a petition for habeas corpus relief

3

filed by a state prisoner, a claim that evidence obtained by an unconstitutional search or seizure was introduced at his trial, when he has previously been afforded an opportunity for full and fair litigation of his claim in the state courts." *Id.* at 469. *Stone* held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 482; *see also Lynch v. Sec'y, Fla. Dep't of Corr.*, 776 F.3d 1209, 1219 n.8 (11th Cir. 2015) (noting that under *Stone*, "[n]ormally, prisoners cannot raise Fourth Amendment issues in a § 2254 petition").

The Eleventh Circuit Court of Appeals has determined that "[a]n 'opportunity for full and fair litigation' means just that: an opportunity." *Lawhorn v. Allen*, 519 F.3d 1272, 1287 (11th Cir. 2008) (quoting *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978)). Thus, federal habeas corpus review is barred "[i]f a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim[.]" *Lawhorn*, 519 F.3d at 1287 (quoting *Caver*, 577 F.2d at 1192). To provide a petitioner an opportunity for the full and fair litigation of his Fourth Amendment claim, the state court must make essential findings of fact when presented with contested facts. *See Mason v. Allen*, 605 F.3d 1114, 1120 (11th Cir. 2010); *Bradley v. Nagle*, 212 F.3d 559, 564-65 (11th Cir. 2000); *Hearn v. Florida*, 326 F. App'x 519, 522 (11th Cir. 2009).

Tarvin filed a motion to suppress "all tangible items of property, and confessions or admissions, and other evidence seized by police from the Defendant[.]" Doc. 17-1, Ex. 1, appellate record pp. 37-41.) Over parts of two days, the state trial court conducted an evidentiary hearing on Tarvin's motion. (*Id.* appellate record pp. 118-253.) Tarvin called one witness and thoroughly cross-examined the State's three witnesses. (*Id.*, appellate record pp. 144-59, 174-81, 192-213.) In addition, Tarvin presented a lengthy and detailed argument in support of his motion. (*Id.*, appellate record pp. 218-37, 244-46.) The state court made factual findings and concluded that under the totality of the circumstances, the vehicle stop was justified and the consent to search was free and voluntary. (*Id.*, appellate record pp. 246-50.) The court orally denied the motion to suppress. (*Id.*, appellate record p. 250.)[2]

At the suppression hearing, the trial court accepted the parties' stipulation that the motion to suppress was dispositive. (*Id.*, appellate record p. 218.) When he entered his plea, Tarvin reserved the right to appeal the denial of his motion to suppress. (*Id.*, appellate record pp. 258, 261, 264.) Tarvin briefed the merits of his claims on direct appeal. (Doc. 17-1, Ex. 2.) The State addressed the merits in its answer brief, and there is no indication that the state appellate court did not consider Tarvin's claims. (Doc. 17-1, Ex. 3.) As the

---

[2] The state trial court later memorialized its oral ruling in a written order denying the motion to suppress for the reasons "announced in open court at the conclusion of the hearing[.]" (Doc. 17-1, Ex. 1, appellate record p. 72.)

state courts therefore afforded Tarvin an opportunity for the full and fair litigation of his Fourth Amendment claims, *Stone* bars federal habeas review of the claims.

In his reply, Tarvin claims that he was not provided an opportunity for full and fair litigation. He claims that his evidentiary hearing was not fair because the state trial court did not specifically address his supporting authority or apply the correct standard in ruling on his motion and complains that the state appellate court did not cite authority in affirming the trial court. Tarvin cites *Gamble v. Oklahoma*, 583 F.2d 1161 (10th Cir. 1978). In *Gamble*, the Tenth Circuit Court of Appeals held that, in addition to requiring the procedural opportunity to raise a claim and a full and fair evidentiary hearing, *Stone* also "contemplates recognition and at least colorable application of the correct Fourth Amendment constitutional standards." *Id.* at 1165. Therefore, *Gamble* concluded that a federal court "is not precluded from considering Fourth Amendment claims in habeas corpus proceedings where the state court wil[l]fully refuses to apply the correct and controlling constitutional standards." *Id.* However, *Gamble* is not binding authority on this Court. In addition, there is no evidence that the state court willfully refused to apply the correct standard in deciding Tarvin's claims.[3] Tarvin's conclusory assertion fails to

---

[3] Tarvin also cites *Herrera v. Lemaster*, 225 F.3d 1176 (10th Cir. 2000). There, relying on *Gamble*, the Tenth Circuit found *Stone* inapplicable when the state court failed to apply the correct standard in assessing the harmlessness of evidence admitted in error. *Id.* at 1177-78. *Herrera* does not support Tarvin's contention that *Stone* does not bar review of his Fourth Amendment claims because the state courts failed to provide him an opportunity for the full and fair litigation of the claims.

demonstrate that the state trial court willfully refused to apply the correct standard or in fact applied an incorrect standard. Nor does the record show that the state court's ruling was based on an incorrect standard.[4]

Moreover, the *Stone* bar "still applies despite a state court error in deciding the merits of a defendant's fourth amendment claim." *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980) (citing *Swicegood v. Alabama*, 577 F.2d 1322, 1324-25 (5th Cir. 1978)).[5] "If the term 'fair hearing' means that the state courts must correctly apply federal constitutional law, *Stone* becomes a nullity." *Swicegood*, 577 F.2d at 1324. Again, the state trial court conducted an evidentiary hearing on Tarvin's motion to suppress over parts of two days, heard Tarvin's detailed arguments, made relevant factual findings, and ruled on Tarvin's claims. The court noted that its ruling was based on "the totality of the circumstances and the evidence presented here, the hearing yesterday, my review of all the cases presented by both sides and the argument presented today[.]" (Doc. 17-1, Ex. 1,

---

[4] The state trial court repeatedly indicated that its ruling was based on the totality of the circumstances. (Doc. 17-1, Ex. 1, appellate record pp. 246-50.) *See, e.g.*, *Illinois v. Gates*, 462 U.S. 213 (1983) (establishing the use of a totality of the circumstances test for determining whether an informant's tip constitutes probable cause); *Ohio v. Robinette*, 519 U.S. 33, 39-40 (1996) (stating that the question of whether consent to a search is voluntary, as required by the Fourth Amendment, must be determined from all the circumstances).

[5] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

appellate record p. 250.) The state appellate court then considered Tarvin's case after the claims were fully briefed on the merits.

Under these circumstances, Tarvin has not demonstrated that the state courts failed to provide him an opportunity for the full and fair litigation of his Fourth Amendment claims. Accordingly, *Stone* precludes federal habeas review of the claims, and Tarvin's petition must be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Instead, a district court or court of appeals must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA, Tarvin must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Tarvin has not made the requisite showing. Finally, because Tarvin is not entitled to a COA, he is not entitled to appeal in forma pauperis.

It is therefore **ORDERED** that Tarvin's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED**. The **CLERK** is directed to enter judgment against Tarvin and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on January 27, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge